IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:13-CR-228-LY |
| | § | |
| DANNY RAY TREVINO, | § | |
|     Defendant | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is the petition of the United States Probation Office ("Probation Office") recommending the Court revoke Defendant's term of supervised release.

**PROCEDURAL BACKGROUND**

Defendant was found guilty of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On July 25, 2013, Defendant was sentenced to 96 months' imprisonment on each of the two counts, to be served concurrently, followed by three years of supervised release. Defendant's supervision began on July 19, 2019.

On September 26, 2019, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"). The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised

1

release should not be revoked. Thereafter, the undersigned authorized the issuance of a warrant. On February 5, 2020, Defendant was arrested, and he has remained in the custody of the United States Marshals Service since the date of his arrest.

The Petition alleges that Defendant violated the following conditions of release:[1]

> **Violation of Mandatory Condition No. 1:** "The defendant shall not commit another federal, state or local crime."

On February 25, 2020, matter pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. On the same date, Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Before the hearing, Defendant waived his right to a preliminary hearing. Defendant pled "True" to the violation of Mandatory Condition No. 1.

## FINDINGS OF THE COURT

1. Defendant violated Mandatory Condition No. 1 of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant waived his right to a preliminary hearing.

4. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

5. Defendant had both a factual and rational understanding of the proceedings against him.

6. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

---

[1] The petition also included an allegation that Defendant violated Standard Condition No. 6: "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment." The Government, however, did not proceed on that alleged violation at the hearing.

7. Defendant was sane and mentally competent at the time of these proceedings.

8. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

11. The Government, without objection from Defendant, gave a summary of the evidence against Defendant.

12. Defendant freely, intelligently, and voluntarily pled "True" to the violation of Mandatory Condition No. 1 alleged in the Petition.

13. The Court finds that Defendant violated Mandatory Condition No. 1 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## **FACTORS CONSIDERED**

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[2]

    a. the nature and circumstances of the offense, § 3553 (a)(1);
    b. the history and characteristics of Defendant, (a)(1);
    c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
    d. the need to protect the public, (a)(2)(C);
    e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
    f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
    g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
    h. the need to provide restitution to any victims of the offense, (a)(7).

---

[2] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, as well as the Petition, the Adjustment Summary, and the Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.

In light of the factors set forth above, the Magistrate Court recommends that Defendant's term of supervised release be **REVOKED**. The Magistrate Court further recommends that Defendant be **incarcerated for SIX (6) months**. Finally, the Magistrate Court further recommends that the District Court **not impose supervised release** after Defendant's term of incarceration is served.

## WARNINGS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen-day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Servs.' Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for action by the District Court.

**SIGNED** on February 25, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE